UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | 2:25-cv-9635-RAO | Date: | December 5, 2025 |
| Title: | Danny Ray Palomo v. General Motors, LLC et al. | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Eddie Ramirez | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER DENYING MOTION TO REMAND [10]**

Pending before the Court is Plaintiff Danny Ray Palomo's ("Plaintiff") motion to remand ("Motion"). Dkt. No. 10. Plaintiff's Motion is supported by the Declaration of Michelle Yang ("Yang Declaration"). Dkt. No. 10-1. Defendant General Motors LLC ("Defendant") filed its Opposition on November 5, 2025. Dkt. No. 12. Defendant's Opposition is supported by the Declaration of Kristine Avena ("Avena Declaration"). Dkt. No. 12-1. Plaintiff filed his reply on November 12, 2025. Dkt. No. 13. The Court finds the matter suitable for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

For the reasons set forth below, Plaintiff's Motion is **DENIED**.

### I. BACKGROUND

Plaintiff filed his Complaint in the Superior Court of California, County of Los Angeles, on February 3, 2025. Notice of Removal ("Notice"), Ex. A, Dkt. No. 1-1. The original complaint was brought against Defendant and Carvana LLC ("Carvana"). *See id.*

Plaintiff served Defendant and Carvana with the complaint and summons on February 3, 2025. Yang Decl. ¶ 5 & Ex. 1. On February 14, 2025, Plaintiff filed a request for dismissal to dismiss Carvana. Dkt. No. 16-2. On March 28, 2025, Plaintiff filed a First Amended Complaint ("FAC"). Dkt. No. 16-3. Although "Carvanza [sic]" was included in the caption, only General Motors LLC was identified as a defendant within the FAC.[1] *See id.* On May 28, 2025, Plaintiff filed a request for dismissal to dismiss the seventh cause of action. Dkt. No. 16-4.

---

[1] On November 21, 2025, the Court issued an order requiring a response from the parties regarding Carvana as a defendant. Dkt. No. 15. Because the Court had only the original complaint before

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | 2:25-cv-9635-RAO | Date: | December 5, 2025 |
| Title: | Danny Ray Palomo v. General Motors, LLC et al. | | |

The FAC asserts claims for violations of the Song-Beverly Act, the federal Magnuson-Moss Warranty Act ("MMWA"), and the Uniform Commercial Code with respect to a 2018 GMC Terrain, purchased by Plaintiff on or about March 6, 2020 (the "Subject Vehicle"). FAC ¶¶ 6-61.

Defendant filed its answer on July 9, 2025. Dkt. No. 1-2.

On September 8, 2025, Plaintiff made an initial production of documents related to the value of damages sought in the action. Notice at 2.

Defendant removed the action to federal court on October 8, 2025, pursuant to 28 U.S.C. § 1332 and § 1446. Notice at 1. The Notice alleges that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. *Id.* at 3-6. According to Defendant, the amount in controversy is indeterminate from the face of the complaint, and Defendant could not appropriately remove the matter to federal court until it completed an investigation to determine an accurate figure. *Id.* at 6-11. Because of this, Defendant argues it had one year—rather than 30 days—to remove the case. *Id.* at 10-11.

## II.   DISCUSSION

### A.   Legal Standard

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025). There is a presumption that a district court lacks jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017).

---

it, it was not clear whether Carvana had been served and whether it remained a defendant. *See id.* The parties filed a joint status report explaining the dismissal of Carvana and Plaintiff's subsequent filing of an amended complaint. Dkt. No. 16. The operative complaint is the First Amended Complaint ("FAC"), a copy of which is filed at Dkt. No. 16-3. Based on the FAC and the prior dismissal of Carvana, the Court is satisfied that the only defendant remaining in the action is Defendant General Motors LLC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 2:25-cv-9635-RAO | Date: | December 5, 2025 |
| Title: | Danny Ray Palomo v. General Motors, LLC et al. | | |

     A defendant may remove a state civil action to the federal district and division where the action is pending if the district court would have had original jurisdiction over the matter. *See* 28 U.S.C. § 1441(a). A federal court's statutory grants of subject-matter jurisdiction are found in 28 U.S.C. §§ 1331 and 1332. *Arbaugh v. Y&F Corp.*, 546 U.S. 500, 513 (2006). Generally, a district court has original jurisdiction over actions premised on a federal question, 28 U.S.C. § 1331, or where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, *id.* § 1332(a). Removal is narrowly construed, and there is a "strong presumption against removal." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). The defendant has the burden to show that removal is proper, and any ambiguities or doubt as to an action's removability are resolved in favor of remand. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

     If the case stated by the initial pleading is removable, a defendant must file the notice of removal within 30 days after receipt of a copy of the initial pleading. 28 U.S.C. § 1446(b). This "first pathway" applies where "the basis for removal is clear from the complaint." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1090 (9th Cir. 2021). If "it is unclear from the complaint whether the case is removable," the pleading is "indeterminate," and the case is not removable at that stage. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 693-94 (9th Cir. 2005). If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3). When removability is not apparent from the face of the complaint or ascertainable from a subsequent paper, a defendant may remove a matter based on diversity jurisdiction outside of these two thirty-day timelines, but within a year of commencement of the action. *See Roth v. CHA Hollywood Med. Ctr.*, 720 F.3d 1121, 1125-26 (9th Cir. 2013); 28 U.S.C. § 1446(c).

    **B.**    **Analysis**

         1.    <u>Timeliness of Removal</u>

     Plaintiff argues that Defendant's removal is untimely because Plaintiff's original complaint included a federal MMWA claim and the amount in controversy is ascertainable on the face of Plaintiff's complaint. Mot. at 5-9. Plaintiff contends that his complaint adequately informed Defendant that Plaintiff's alleged damages exceed $50,000 because his claims arise out of his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 2:25-cv-9635-RAO | Date: | December 5, 2025 |
| Title: | Danny Ray Palomo v. General Motors, LLC et al. | | |

purchase of a new 2018 GMC Terrain vehicle[2] and the complaint seeks restitution for the purchase of the vehicle, incidental and consequential damages, civil penalties of two times the actual damages, and attorneys' fees. *Id.* at 6. Although Plaintiff concedes that his complaint did not allege a specific dollar amount in controversy, Plaintiff argues that because Plaintiff alleged the make, model, year, and VIN of the Subject Vehicle, Defendant had more than sufficient information to plausibly determine the amount in controversy. *Id.* at 7-8.

Defendant argues that the complaint is indeterminate as to the amount in controversy. Opp'n at 12-18. Defendant contends that the complaint does not set forth which formula applies for calculation of damages for the MMWA claims, and the values necessary to apply any measure are indeterminate from the face of the complaint. *Id.* at 12-14. Defendant also asserts that the complaint is indeterminate as to actual damages under the Song-Beverly Act because it does not provide the purchase price of the Subject Vehicle or any values for statutory offsets. *Id.* at 15-18.

The amount in controversy encompasses, at the time of removal, all the relief a plaintiff would be entitled to upon a favorable judgment. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). Under California's Song-Beverly Act, a plaintiff may receive actual damages in the amount of "the actual price paid or payable by the buyer," offset by the "amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor." Cal. Civ. Code § 1793.2(d)(2)(B)-(C). Actual damages are further offset by negative equity; noncash credits provided by the manufacturer; and the actual price of "optional equipment, service contracts, or [guaranteed asset protection] financing purchased by the plaintiff." Cal. Code of Civ. Proc. § 871.27(b)-(d). A plaintiff may also be entitled to civil penalties if the defendant's violations were willful. Cal. Civ. Code § 1794(c). A civil penalty award may not exceed twice the amount of actual damages. *Id.*

Here, the complaint does not allege the actual price paid or payable by Plaintiff for the Subject Vehicle or any information from which Defendant could estimate offsets such as the mileage of the vehicle when presented for repair. Plaintiff argues that because Defendant

---

[2] Although Plaintiff argues that "the complaint explicitly states that Plaintiff's claims arise out of his purchase of a new 2018 GMC Terrain vehicle," Mot. at 6, the FAC alleges the purchase of a 2018 GMC Terrain on or around March 6, 2020, with no allegation that the vehicle was "new." *See* FAC ¶¶ 6, 9. The Retail Purchase Agreement produced by Plaintiff confirms that Plaintiff purchased the vehicle as a used vehicle. Avena Decl., Ex. A.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No.: | 2:25-cv-9635-RAO | Date: | December 5, 2025 |
|---|---|---|---|
| Title: | Danny Ray Palomo v. General Motors, LLC et al. | | |

possessed the information it needed to determine the amount in controversy from the outset, Defendant's removal was untimely. *See* Reply at 1-2. However, the Ninth Circuit has held that "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d at 694. Although district courts differ in their analysis on this issue, the Court is persuaded by the courts that have followed *Harris* in denying similar motions to remand. *See, e.g.*, *Jackson v. General Motors, LLC*, No. CV 25-7021-JFW(ASx), 2025 WL 2835457, at *2 (C.D. Cal. Oct. 2, 2025) (collecting cases and concluding that removal was not untimely). Because the complaint does not allege the value of the Subject Vehicle or information from which Defendant could estimate statutory offsets, the amount in controversy on Plaintiff's Song-Beverly Act claims is indeterminate from the face of the complaint. Therefore, the thirty-day clock under the first pathway of removal does not apply.

It is unclear whether Plaintiff maintains that the pre-litigation disclosure of documents as part of settlement discussions triggered a thirty-day clock for removal. Although Plaintiff contends that he provided such documents in December 2024, Plaintiff does not argue in his moving brief that this triggered a thirty-day clock for removal. *See* Mot. at 1. In his Reply, Plaintiff appears to argue that the combination of the pre-lawsuit disclosure and service of the complaint triggered a thirty-day removal period. *See* Reply at 1. To the extent Plaintiff asserts that Defendant's removal was untimely because of the December 2024 disclosure, the Ninth Circuit has rejected the "suggestion that a pre-complaint document containing a jurisdictional clue can operate in tandem with an indeterminate initial pleading to trigger some kind of hybrid of the first and second removal periods." *Carvalho v. Equifax Information Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010) ("[W]e conclude that any document received prior to receipt of the initial pleading cannot trigger the second thirty-day removal period."). Although Plaintiff does not point to any "other paper" provided to Defendant with or after the initial pleading, defense counsel represents that Plaintiff produced the purchase agreement and a loan payoff letter on September 8, 2025. Avena Decl. ¶¶ 2, 4. To the extent these documents started a thirty-day removal period under the second pathway, Defendant's removal on October 8, 2025 was timely. Additionally, Plaintiff does not dispute that Defendant removed the matter within a year after Plaintiff filed his action in state court. The Court finds that Defendant's removal based on diversity jurisdiction was not untimely.

Plaintiff additionally argues that because his complaint contains a federal cause of action under the MMWA, federal question jurisdiction was clear from the complaint. Mot. at 4-5. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | 2:25-cv-9635-RAO | Date: | December 5, 2025 |
| Title: | Danny Ray Palomo v. General Motors, LLC et al. | | |

MMWA includes an amount in controversy threshold of $50,000. *See Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1037 (9th Cir. 2004) (citing 15 U.S.C. § 2310(d)). The Ninth Circuit has cited Third Circuit precedent for the proposition that federal jurisdiction for an MMWA claim "does not exist unless the amount in controversy exceeds $50,000." *Id.* (citing *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 402 (3d Cir. 2004)). The Court agrees with Defendant that the complaint is not clear as to the basis for damages on Plaintiff's MMWA claim, and as explained above, the complaint is indeterminate as to any values necessary to calculate an amount in controversy. Therefore, inclusion of the MMWA claim in the complaint did not start a thirty-day clock for removal. *See Jackson*, 2025 WL 2835457, at *3 (finding removal after thirty days of receipt of complaint including MMWA claim was not untimely because amount in controversy was not clear from face of complaint). To the extent Plaintiff's production of the purchase agreement and loan payment history started a thirty-day clock, Defendant's removal within those thirty days was timely.

      2.    <u>Amount in Controversy</u>[3]

While Plaintiff argues that "it is impossible to believe that Defendant could not ascertain the amount in controversy exceeded $50,000.00 based on the face of the complaint alone," Mot. at 6, Plaintiff also claims that Defendant has not met its burden to establish that the amount in controversy exceeds $50,000, *id.* at 9. Plaintiff contends that Defendant has not produced any evidence of actual damages and Defendant does not account for the statutory mileage offset. *Id.* at 9-10. Plaintiff also asserts that any projection of civil penalties is conjectural. *Id.* at 10-11. Plaintiff maintains that Defendant must offer evidence of willfulness. *Id.* Plaintiff also contends that Defendant's representation of fees is speculative and self-serving. *Id.* at 11.

---

[3] The parties do not dispute that there is complete diversity. For purposes of diversity jurisdiction, a person is a citizen of the state where they are domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A limited liability company (LLC) is a citizen of each state in which its owners or members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is a citizen in the state in which it is incorporated and the state "where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Here, Plaintiff alleges that he is a resident of the state of California. FAC ¶ 2. Defendant is an LLC whose sole member is General Motors Holdings LLC. Notice at 3. The sole member of General Motors Holding LLC is General Motors Company. *Id.* General Motors Company is incorporated in Delaware with a principal place of business in Michigan. *Id.* Thus, there is complete diversity of citizenship between the parties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 2:25-cv-9635-RAO | Date: | December 5, 2025 |
| Title: | Danny Ray Palomo v. General Motors, LLC et al. | | |

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014).[4] If the plaintiff contests, or the court questions, the allegation, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). "But assumptions made part of the defendant's chain of reasoning need not be proven; they instead must only have some reasonable ground underlying them." *Arias v. Residence Inn by Marriot*, 936 F.3d 920, 927 (9th Cir. 2019).

Contrary to Plaintiff's argument that Defendant has not furnished any evidence in support of its calculation of the amount in controversy, Defendant has provided the purchase agreement, repair history, and loan payoff letter for the Subject Vehicle. *See* Avena Decl., Exs. A, B, C. Plaintiff makes no attempt to rebut this evidence with his own evidence or any argument as to why Defendant's proffered evidence is insufficient. Based on these documents, Defendant applied a mileage offset and other offsets for optional third-party contracts to the price payable by Plaintiff. Opp'n at 18-19. Defendant calculates that the actual damages amount at issue here is approximately $27,076.49. *Id.* at 19.

Plaintiff challenges Defendant's choice of calculating the mileage offset based on the mileage at the April 29, 2020 presentation for repair. Reply at 3-4. Plaintiff does not offer any evidence that a different date for repair should be used, nor does Plaintiff reference the issues addressed in response to the April 29, 2020 presentation as reflected in the repair history. *See* Avena Decl., Ex. B. In the FAC, Plaintiff alleges that the "defects include but are not limited to:

---

[4] *Dart Cherokee* and the Ninth Circuit opinions interpreting *Dart Cherokee* involve cases removed under the Class Action Fairness Act of 2005 ("CAFA"). Because *Dart Cherokee's* holding was premised on an interpretation of section 1446(a) and section 1446(c), district courts in the Ninth Circuit routinely apply its holding to cases where removal is based on section 1332. *See, e.g., Fierro v. Capital One, N.A.*, No. 22-cv-00493-BAS-BLM, 2022 WL 17486364, at *3 (relying on *Dart Cherokee* to discuss the burdens of proof on a motion to remand in a non-CAFA case); *Jackson v. Compass Grp. USA, Inc.*, No. CV 19-4678-PSG (GJSx), 2019 WL 3493991, at *3 (C.D. Cal. July 31, 2019) (citing *Dart Cherokee* as the appropriate legal standard for determining the amount in controversy on a motion to remand in a non-CAFA case).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 2:25-cv-9635-RAO | Date: | December 5, 2025 |
| Title: | Danny Ray Palomo v. General Motors, LLC et al. | | |

infotainment and transmission defects." FAC ¶ 12. The April 29, 2020 presentation for repair was for a customer complaint of "features/controls/displays – gauges/warning lights." Avena Decl., Ex. B. Plaintiff makes no argument as to why this customer complaint is not the type of defect alleged by Plaintiff, and the Court finds Defendant's assumption that a consumer complaint about "features/controls/displays" would constitute an alleged "infotainment" defect is reasonable. The Court is not persuaded by Plaintiff's argument that Defendant has not met its burden in calculating a mileage offset.

As to civil penalties, the Court recognizes that some district courts have required defendants to proffer evidence that a plaintiff will receive the maximum amount of civil penalties. *See, e.g.*, *Gomez v. Nissan North America, Inc.*, No. 2:24-cv-09020-SVW, 2025 WL 26368, at *5-6 (C.D. Cal. Jan. 3, 2025) (not considering civil penalties because plaintiff's allegations of willfulness were conclusory). However, "[m]any courts have included the maximum civil penalty available under the Song-Beverly Act as part of the amount in controversy, at least when the plaintiff alleges that the defendant acted willfully and requests the full penalty in the complaint." *Amavizca v. Nissan North America, Inc.*, No. ED CV 22-02256 JAK (KK), 2023 WL 3020489, at *6-8 (C.D. Cal. Apr. 19, 2023) (collecting cases). Here, Plaintiff alleges that he is entitled to a civil penalty of two times Plaintiff's actual damages due to Defendant's willful conduct, *see* FAC ¶¶ 17, 24, 28, and Defendant provides evidence that the Subject Vehicle was presented for repair at least four times, *see* Avena Decl., Ex. B. Although Plaintiff argues that Defendant's civil penalty assumption is unsupported, Plaintiff does not address his own allegations regarding willful conduct or Defendant's evidence regarding the number of times the vehicle was presented for repair. The Court finds that it is appropriate here to include the maximum amount of civil penalties in the calculation of the amount in controversy. The inclusion of civil penalties results in an amount in controversy that exceeds $75,000, without consideration of attorney's fees and costs. The Court thus finds it unnecessary to consider the parties' arguments regarding Defendant's estimates of Plaintiff's attorney's fees and costs.

In sum, the Court finds that Defendant has met its burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000 for purposes of diversity jurisdiction.

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | 2:25-cv-9635-RAO | Date: | December 5, 2025 |
| Title: | Danny Ray Palomo v. General Motors, LLC et al. | | |

### III.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand is **DENIED**.  The Court will issue a separate order setting a scheduling conference.

**IT IS SO ORDERED.**

:
Initials of Preparer     er